UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS JERONIMO PEREZ PEREZ, A-240-373-870,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY,<br>Respondent. | No. 1:26-cv-07174-DC-CKD P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1) The petition and respondent's answer are before the court. (ECF Nos. 1, 5.) No further briefing is necessary. For the reasons set forth below, the petition should be granted.

**I. Background**

Petitioner is a citizen of Guatemala who has no prior criminal history aside from a traffic offense. (ECF No. 5-1 at 4.) Petitioner was arrested by ICE at a scheduled appointment on July 30, 2026. (Id. at 3.)

In response to the petition, respondent states petitioner is detained pursuant to 8 U.S.C. § 1226(a). (ECF No. 5 at 1.) Respondent also acknowledges petitioner has been previously released from ICE custody, which places petitioner in the category of cases in which the court has

previously found a due process liberty interest that overrides the statutory scheme. (Id.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

## III. Discussion

Petitioner was living in the United States when he was redetained by immigration officials on July 30, 2026, while reporting to a scheduled ICE appointment and he is not subject to a final order of removal. The applicable detention authority is 8 U.S.C. § 1226. Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)). Under § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). By not providing petitioner a bond hearing under 8 U.S.C. § 1226(a), immigration officials violated petitioner's statutory rights.

In addition, respondent acknowledges that petitioner was previously released from ICE custody. A non-citizen's prior release into the United States and time spent living in the United States can create a liberty interest in remaining out of custody. See, e.g., Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (holding a petitioner's prior release into the United States after a determination he presents no danger to the community or flight risk gives rise to a "heightened" liberty interest in remaining out of detention). "The record in this case establishes that Petitioner developed a clear interest in his continued freedom protected by the Due Process

Clause during his time living freely prior to his current detention." See Gurtaj S. v. Bondi, No. 1:26-CV-01031-TLN-CSK, 2026 WL 2225023, at *1 (E.D. Cal. Aug. 3, 2026). "Even if he is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause." (Id.)

Having found petitioner has a liberty interest protected by the Due Process Clause, the court applies the test provided in Mathews v. Eldridge, 424 U.S. 319, 335 (1976). The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest. 424 U.S. at 335.

Petitioner has a substantial private interest in maintaining his out-of-custody status. See Zadvydas, 533 U.S. at 690 (freedom from imprisonment is at the core of the Due Process Clause). Petitioner's private interest is strengthened by the fact that he lived freely in his community for a significant period of time while working, supporting his family, and participating in his community. See Doe v Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). The risk of erroneous deprivation of this private interest is high because he was denied procedures he was due under 8 U.S.C. § 1226(a) and has not been afforded an individualized determination whether he should be released or detained during removal proceedings.

The risk of an erroneous deprivation of petitioner's liberty interest is especially high because respondent does not argue petitioner presents a danger to the community or a flight risk. Respondent does not dispute that petitioner has never been criminally arrested or convicted of a crime. The government's interest in detaining petitioner without any procedural protections under these circumstances is "low." See Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); Doe v. Becerra, 787 F. Supp. 3d at 1094 (noting custody hearings in immigration court are routine and impose a "minimal" cost on the government).

On balance, the Mathews factors show due process required that petitioner receive an individualized hearing prior to his detention. Respondent points to no reasons why a pre-deprivation hearing could not be held and provides no evidence warranting petitioner's detention on June 27, 2026, when he reported to an ICE office, without providing an individualized hearing or any other process. The court should find petitioner's Fifth Amendment due process rights have

been violated. Given that respondent does not assert any basis for petitioner's detention other than 8 U.S.C. § 1225(b) and does not argue that petitioner presents a flight risk or danger, the appropriate remedy on petitioner's procedural due process claim is his immediate release. See, e.g., Lepe v. Andrews, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025).

**IV. Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted.
2. Respondent be ordered to RELEASE petitioner IMMEDIATELY and respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide seven (7) days' notice to petitioner and a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.
3. Judgment be entered in petitioner's favor and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **five (5)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **five (5)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 22, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 pere7174.mer